IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. GOODSON, III, et al., | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 08-44 |
| v. | ) Judge Gary L. Lancaster |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| LAWRENCE O. MAGGI, et al., | ) |
| | ) Doc. No. 17 |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**LENIHAN, M.J.**

Currently before the Court for disposition is Plaintiff's Motion to Amend Petition to Show Cause for Preliminary Injunction and Temporary Restraining Order (Doc. No. 17), which the Court will treat as a Motion for Preliminary Injunction and a Motion for Temporary Restraining Order. Plaintiff, Daniel J. Goodson III, a prisoner currently in confinement at the State Correctional Institution at Mahanoy, PA, has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1986 and 1988. On February 29, 2008, Plaintiff filed a Complaint against various county and state officials agencies, judges and courts, attorneys, and a federal prosecutor, alleging racial discrimination; conspiracy; violations of his constitutional rights under the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments; cruel and unusual punishment; non-disclosure of exculpatory evidence; unlawful deprivation of parental liberty interest in the management, care, custody and control of his children; abuse of government power; malicious prosecution; deprivation of Plaintiff's civil

rights; intentional infliction of emotional distress; and gross negligence. On the whole, the allegations raised in Plaintiff's Complaint are in relation to activity that occurred during Plaintiff's incarceration, and with respect to Plaintiff's ongoing efforts to maintain or regain custody and visitation rights to his children during his period of incarceration.

It is unclear from the documents filed at Doc. No. 17 exactly what relief Plaintiff is requesting. Although the title of the Motion includes the words "Preliminary Injunction" and "Temporary Restraining Order," it is not clear whether such relief is requested here or in another proceeding. In ¶ 1 of Plaintiff's Motion, he refers to a "Petition to Show Cause for Preliminary Injunction and Temporary Restraining Order" that he filed on March 11, 2008 in a proceeding pending in the Orphans' Court Division of the Washington County Court of Common Pleas at 63-08-0228 in response to a notice he received indicating that a petition had been filed to involuntarily terminate his parental rights to his minor child, DG ("Washington County proceeding"). From the attachments in Plaintiff's Motion, it appears that in the Washington County proceeding, a hearing was scheduled for May 30, 2008 regarding involuntary termination of Plaintiff's parental rights as to DG. Thus, to the extent Plaintiff seeks a Temporary Restraining Order to prevent the hearing in the Washington County proceeding on May 30 from going forward, the Motion for Temporary Restraining Order will be denied as moot, as that date has already passed. In any event, even if the date of the hearing had not already passed, this Court lacks jurisdiction under *Rooker-Feldman* over the Washington County proceeding and thus, would have denied the Plaintiff's Motion on the merits.

## I. RELEVANT FACTS

Plaintiff seeks injunctive, declaratory and monetary relief in the form of punitive and compensatory damages, including reimbursement of all costs and legal fees associated with this action. Plaintiff has asked this Court to reverse and declare the decision of Colorado State Court that involuntarily terminated Plaintiff's parental rights to minor children (DGIV nka DRT, JG nka JRT and SG nka ST) in 2004 null and void, and to enjoin enforcement of the final judgment in the interest of DG a minor child at JV 274-06 in the Court of Common Pleas of Washington County, Pennsylvania. (Compl. ¶¶ 39, 40; see also Ex. A-B to Pl.'s Mot. to Amend Pet. to Show Cause for Prelim. Inj.) Plaintiff further seeks the return of all minor children to the guardianship of paternal grandparents, and an injunction to disqualify La Plata County Court and relieve it of any jurisdiction.

## II. STANDARD OF REVIEW

In determining whether a temporary restraining order is warranted, a court must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. *American Civil Liberties Union v. Reno*, 217 F.3d 162, 172 (3d Cir. 2000), *vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union*, 535 U.S. 564 (2002).

## III. DISCUSSION

In the present action, it appears that Plaintiff is asking this Court to enjoin the

3

enforcement of the final judgment in the interest of DG, a minor child, at JV 274-06, scheduled to occur on May 30, 2008, in the Court of Common Pleas of Washington County, Pennsylvania.

The *Rooker-Feldman* doctrine is a judicially-created doctrine that absolutely bars lower federal courts from reviewing certain state court actions. The doctrine is predicated on the principles of comity and federalism and originated from two Supreme Court opinions, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Specifically, the *Rooker-Feldman* doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257. *Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416. *See also Gulla v. North Strabane Township*, 146 F.3d 168, 171 (3d Cir. 1998); *E.B. v. Verniero*, 119 F.3d 1077, 1091 (3d Cir. 1997), *cert. denied*, 118 S. Ct. 1039 (1998). The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the Rooker-Feldman doctrine applies to the decisions of lower state courts. *In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation*, 134 F.3d 133, 143 (3d Cir. 1998).

The Plaintiff appears to be asking this Court to overturn an ruling of the state court by enjoining it from carrying out a scheduled hearing. The ultimate effect of this action would be to reverse the decision of the Washington County Court of Common Pleas. The *Rooker-Feldman* doctrine expressly prohibits any federal court, except the United States Supreme Court, from reversing a state court ruling. This Court, being a lower federal court, cannot provide the

requested relief. *Accord Shepardson v. Nigro*, 5 F. Supp. 2d 305 (E.D. Pa. 1998).

Because this Court lacks jurisdiction under *Rooker-Feldman,* Plaintiff cannot meet the first prong of the test for granting a Temporary Restraining Order – probability of success on the merits. Since the *Rooker-Feldman* doctrine precludes this Court from revisiting a ruling of the Court of Common Pleas of Washington County, and the Motion for Temporary Restraining Order would do just that, Plaintiff does not have a reasonable probability of success on the merits. Since Plaintiff cannot meet the first prong of the temporary restraining order standard, he has failed to establish entitlement to such relief. Accordingly, the Court will deny Plaintiff's Motion for a Temporary Restraining Order.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion for a Temporary Restraining Order.[1] A separate order follows.

## ORDER

AND NOW, this 29th day of July, 2008 in consideration of Defendant's Motion for a Temporary Restraining Order (Doc. No. 17), it is hereby ORDERED that said motion is DENIED.

IT IS FURTHER ORDERED that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this Order to the District Court. Any opposing party shall have

---

1. By separate order, the Court will deny Plaintiff's Motion for Preliminary Injunction without prejudice, with leave to re-file after Plaintiff has effectuated service of the Complaint on all of the Defendants.

5

ten (10) days from the date of service of the appeal to respond thereto. Failure to timely file an appeal to the District Court may constitute a waiver of any appellate rights.

By the Court:

LISA PUPO LENIHAN
United States Magistrate Judge

cc: Honorable Gary L. Lancaster
United States District Judge

Daniel J. Goodson, III, no. GW1171
SCI Mahanoy
301 Morea Road
Frackville, PA 17932