IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. GOODSON, III, et al, )
)  Civil Action No. 08 - 44
        Plaintiff, )
)  Judge Gary L. Lancaster
v. )  Magistrate Judge Lisa Pupo Lenihan
)
LAWRENCE O. MAGGI, et al )
)
        Defendants. )

## ORDER

Pending before the Court are three motions filed by the Plaintiff. This order will rule on the pending motions filed by the Plaintiff, establish deadlines for the Plaintiff to respond to the outstanding motions to dismiss filed by the Defendants and clarify Plaintiff's responsibilities regarding the litigation of this matter.

The first filing is a Motion to Effectuate Service on John Pettit, Esquire (Doc. No. 104), filed March 6, 2009. This is will be denied as moot, as counsel has entered an appearance on behalf of Defendant Pettit and a Waiver of Service (Doc. No. 60) was filed on February 10, 2009, almost a month before Plaintiff filed this superfluous motion. The Plaintiff should be aware that there is no need to effectuate service of a complaint on a Defendant when a waiver has been filed.

The second and third filings are motions for default judgment against various defendants. The first is a Motion for Default Judgment against Defendants Tara V. Thompson, James R. Jeffries, Jr., Frank C. Kocevar, Esq., Carl Marcus, Esq., Gina M. Savko, Jeffrey Kramer, Esq., Larry Wilcox and Danielle Wilcox (Doc. No. 112) and the second is a Motion for Default Judgment against Defendants Lawrence O. Maggi, Diana Irey, J. Bracken Burns, Sr., Michael Namie, Jeffrey Felton, Christopher J. Neal, Mark E. Mascara, Tara V. Thompson, La Plata County District Court, James Jeffries, Jr., and

Frank C. Kocevar (Doc. No. 119) filed March 26, 2009. These motions shall be denied. Every defendant named in these motions falls into one of two categories - those that have been served and have responded by submitting a responsive filing or those that have not been properly served. In either of these scenarios, default judgment is improper. The Plaintiff is not unfamiliar with the legal system, so it strikes the Court as odd that he would squander his limited resources with blatantly inappropriate filings. Such future filings will be denied with a text order and little, if any, explanation.

In addition to Plaintiff's pending motions, there are other issues with this case that need to be addressed. Most notably, there are several unserved defendants. It is the responsibility of the Plaintiff to provide not only copies of the pleadings to be served, along with the appropriate service forms (Waiver forms, USM 285 forms), but also correct addresses where service is to be directed. Plaintiff must provide accurate addresses for each unserved defendant and attempt to serve them again via waiver. Failure to attempt to reserve the defendants in this manner may result in the unserved defendants being dismissed for failure to prosecute. Should Plaintiff prove the addresses provided are accurate and that service was simply refused, the Court will order a summons issued and personal service effectuated. The Court notes, however, the cost of such personal service will be the responsibility of the Plaintiff.

The Court's goal is to move this case forward towards resolution. To that end, the Court has attempted to utilize orders to explain to the Plaintiff his responsibilities and what is expected of anyone who decides to engage in litigation. It is noted, however, that the Plaintiff is not unfamiliar with the legal system and is clearly capable of reading the rules. In his Motion for Default Judgment (Doc. No. 119) he identifies certain prerequisites for obtaining default judgment, stating "Defendants

are not in military service and are not infants or incompetent . . .". Following the Court's lead in attempting to effectuate service on the remaining un-served Defendants should not be difficult. Because the Plaintiff may not be aware of which Defendants have yet to be served, the Court will direct the Clerk of Court to provide the Plaintiff with a copy of the docket sheet. This will not only allow Plaintiff to confirm which Defendants he must reserve, but also show any outstanding motions to which he must file a response. Therefore,

**IT IS ORDERED** this 3rd day of April, 2009, that Plaintiff's "Motion to Effectuate Service on John Pettit" (Doc. No. 104) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment Against Tara V. Thompson, James R. Jeffries, Jr, Frank C. Kocevar, Esq, Carl Marcus, Esq, Gina M. Savko, Jeffrey Kramer, Esq, Larry Wilcox, Danielle Wilcox (Doc. No. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment Against Lawrence O. Maggi, Diana Irey, J. Bracken Burns, Sr, Michael Namie, Jeffrey Felton, Chistopher J. Neal, Mark E. Mascara, Tara V. Thompson, La Plata County District Court, James R. Jeffries, Jr, Frank C. Kocevar (Doc. No. 119) is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court provide the Plaintiff with a docket sheet dated the same date as this order of Court.

**IT IS FURTHER ORDERED** that Plaintiff provide the Court with the appropriate service forms (Waiver of Service of Summons, Waiver and United States Marshal 285 service forms) for each Defendant that has yet to be served as well as addresses at which these Defendants are to be served no later than May 4, 2009. Failure to provide forms and service addresses for the unserved

Defendants by May 4, 2009, will result in a recommendation that the unserved defendants be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that Plaintiff is allowed ten (10) days from this date to appeal this order to a district judge pursuant to Rule 72.1.3(B) of the Local Rules for Magistrate Judges. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

                                                                Lisa Pupo Lenihan
                                                                United States Magistrate Judge

cc:      DANIEL J. GOODSON, III
         GW1171
         301 Morea Road
         Frackville,, PA 17932

         DANIEL J. GOODSON, IV
         *minor child*
         *also known as* DANIEL RYAN THOMPSON
         C/O La Plata Cty CSE Unit
         1060 East 2nd Avenue
         Durango, CO 81301-5157

         JORDAN J. GOODSON
         *minor child also known as* JORDAN RYAN THOMPSON
         C/O La Plata Cty. CSE Unit
         1060 East 2nd Avenue
         Durango, CO 81301-5157

         SHIASLYNN V. GOODSON
         *minor child also known as* SHIASLYNN V. THOMPSON
         C/O La Plata Cty. CSE Unit
         1060 East 2nd Avenue
         Durango, CO 81301-5157

DESTINY D. GOODSON
C/o Washington County C.Y.S.
Washington, Pa 15301

Counsel of record.