IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. GOODSON, III, *et al*, | ) | Civil Action No. 08 - 44 |
| | ) | |
| Plaintiffs, | ) | Judge Gary L. Lancaster |
| | ) | Magistrate Judge Lisa Pupo |
| v. | ) | Lenihan |
| | ) | |
| LAWRENCE O. MAGGI, *et al.*, | ) | |
| | ) | Doc. No. 130 |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss (Doc. No. 130) filed by Defendant Paul E. Hull, be granted with prejudice.

**II.     REPORT**

    **A.     Relevant Facts**

Plaintiff Daniel J. Goodson III (hereinafter "Father") is a *pro se* incarcerated individual who has filed this civil action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 on behalf of himself and his four minor children, D.G. VI, J.G., S.G. and D.G.  (Pls.' Compl. Overview.)[1]  Plaintiffs assert violations of their first, fourth, fifth, sixth, thirteenth and fourteenth amendment rights.  (*Id.*) The complaint contains a plethora of different claims regarding a variety of different situations.  The

---

[1] Plaintiffs' original complaint, received by the Clerk of Courts on January 11, 2008, contained a number of attachments.  On October 17, 2008, Plaintiffs filed an amended complaint (Doc. No. 36), which is essentially the same as the original complaint but without the attachments.  For ease of reference, all citations to the complaint in this report and recommendation are to Doc. No. 36.

majority of the claims, however, stem from custody proceedings regarding Father's children in the state courts of Pennsylvania and Colorado (hereinafter the "underlying custody matter"). Plaintiffs have named thirty-seven different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers of Father's children, Father's former counsel, foster parents, a guardian ad litem, a state trooper, a prison official, a sheriff, and state and federal prosecutors.

Plaintiffs assert state law claims against all Defendants for outrageous conduct, intentional infliction of emotional distress, and gross negligence.

Plaintiffs seek generally declaratory, injunctive and monetary relief against all Defendants. (*Id.* at Posture.)

In addition, Plaintiffs ask this Court to order (1) the filing of federal criminal charges against those defendants as warranted and (2) a federal investigation of all Defendants' conduct and actions in regard to the complaint. With regard to monetary relief, Plaintiffs seek from each Defendant compensatory damages in the amount of $50,000 and punitive damages in the amount of $100,000. (*Id.*)

Relying on matters of public record, of which this Court takes judicial notice, the moving Defendant Paul E. Hull ("Defendant"or "Hull") sets forth the following relevant facts concerning Plaintiff Father's involvement with the federal criminal courts in the Western District of Pennsylvania:

> On June 23, 2005, a grand jury returned an indictment in *United States v. Goodson,* Criminal Case No. 05-179 (W.D. Pa.), charging Plaintiff with three counts of intending to defraud and to use an unauthorized access device, in violation of 18 U.S.C. § 1029(a)(2), as well as one count of wire fraud, in violation of 18 U.S.C. § 1343. *See generally, United States v. Goodson,* 544 F.3d 529, 531 (3d Cir. 2008) (affirming criminal conviction); (*see also* Docket Sheet in Criminal Case No. 05-

> 179). Plaintiff subsequently entered into a plea agreement in which he agreed to plead guilty to Count four (wire fraud) of the 2005 indictment, and to waive his right to be indicted and to plead guilty to counts one and two of the information in *United States v. Goodson,* Criminal Case No. 06-231 (W.D. Pa.), charging him with making and uttering counterfeit checks in violation of 18 U.S.C. § 513. *See Goodson,* 544 F.3d at 531; (*see also* Docket Sheet in Criminal Case No. 06-231).
>
> Plaintiff was sentenced on November 9, 2006 to imprisonment for a total term of twenty-seven (27) months for Count four (wire fraud) of the 2005 indictment, and Counts one and two of the 2006 information, to run currently [sic]. (*See* Docket Sheet in Criminal Case No. 05-179); (Docket Sheet in Criminal Case No. 06-231). The sentence was also imposed to run partially concurrent to the terms imposed by the Court of Common Pleas of Allegheny County at CC Nos. 2003-13670 and 2005-00946. (*See id.*). Defendant Hull was the prosecutor in both of plaintiff's federal criminal cases. (*See* Docket Sheet in Criminal Case No. 06-231).

(Doc. No. 131 at 2-3) (certain citations and footnote omitted).

Plaintiff Father avers that Hull conspired with "co-defendants" to "selectively and maliciously prosecute" Father, but that he failed to prosecute Gina Savko, D.G.'s mother. (Doc. No. 36 at ¶ 74.) Father further avers as to this Defendant that he intentionally delayed court proceedings, concealed exculpatory evidence, and concealed criminal conduct. (*Id.*) Plaintiff Father also avers that Defendant acted outside the scope of his duties in reviewing "unrelated naked photos of [Savko] and video of co-defendant in sexual acts." (*Id.* at ¶¶ 74-75.)

### B. Subject Matter Jurisdiction

A motion to dismiss under Rule 12(b)(1) may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Patsakis v. Greek Orthodox Archdiocese of America*, 339 F. Supp.2d 689, 692 (W.D. Pa. 2004) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)); *Gould Electronics, Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000). In the case at bar, Defendant appears to be making a facial challenge, as evidenced by his brief in support of the Motion to Dismiss, as well as the fact that he has not

3

produced any affidavits or evidence to disprove any of Plaintiffs' factual allegations regarding jurisdiction. In a facial attack, the court must consider the allegations of the complaint as true, in the light most favorable to the plaintiff, similar to a motion to dismiss under Rule 12(b)(6). *Mortensen,* 549 F.2d at 891; *In re Kaiser Group Int'l, Inc.,* 399 F.3d 558, 561 (3d Cir. 2005).

       1.      <u>Civil Collateral Attack on Plaintiff Father's Federal Criminal Conviction</u>

Defendant argues that the Court lacks subject matter jurisdiction pursuant to the rule in *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Specifically, Defendant contends that success on Plaintiff's claims against him "would necessarily imply the invalidity of Plaintiff's criminal convictions at Criminal Nos. 05-179 and 06-231." (Doc. No. 131 at 7.) Plaintiff Father responds that the rule in *Heck v. Humphrey* does not apply. (Doc. No. 150 at 9.)

In *Heck v. Humphrey,* the United States Supreme Court held that a prisoner may not bring a claim pursuant to 42 U.S.C. § 1983, even if not seeking relief from the fact or duration of confinement, for alleged unconstitutional conduct that would invalidate his underlying sentence or conviction unless that conviction has already been called into question. 512 U.S. at 486-87. In this way, prisoners may not collaterally attack their underlying convictions, directly or indirectly, by bringing a § 1983 claim. In order to assess whether a § 1983 claim should be dismissed as an impermissible collateral attack on an underlying conviction, the United States Supreme Court instructed as follows:

> [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487(emphasis in original) (footnotes omitted).

Here, the doctrine of *Heck v. Humphrey* clearly bars Father's claims against this Defendant. Father's Amended Complaint alleges that Defendant violated Plaintiff's constitutional rights by engaging in selective prosecution, and concealing exculpatory evidence. (Doc. No. 36 at ¶¶ 74-75.) Success on these claims would "necessarily imply the invalidity of [Plaintiff's] conviction." *Id.* Moreover, Plaintiff has not alleged that he obtained a "favorable termination" as required by *Heck*. Plaintiff, however, must not be permitted to amend his complaint, because such amendment would be futile. That is, Plaintiff's conviction was affirmed on appeal by the United States Court of Appeals for the Third Circuit. *See Goodson,* 544 F.3d at 531. Consequently, it is respectfully recommended that Father's claims against Defendant Hull be dismissed with prejudice pursuant to the doctrine of *Heck v. Humphrey*.

### C. **Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further

explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the *Fowler* court set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,*129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words,

> a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). A court may also consider indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). Finally, the Court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

    1.    <u>Analysis</u>

        a.    <u>Section 1983 claims</u>

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state

law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

In his Brief in Support of Motion to Dismiss, Defendant argues that the § 1983 claims against him should be dismissed because federal agencies and officers are exempt from § 1983 liability in that § 1983 provides a remedy only for violations of federal law by persons acting pursuant to state law. (Doc. No. 131 at 7.)

The law is clear that federal agencies and officers are facially exempt from § 1983 liability in that they generally act pursuant to federal law. *Hindes v. F.D.I.C.,* 137 F.3d 148, 158 (3d Cir. 1998) (collecting cases therein). Plaintiff's allegations of conspiracy against this Defendant concern his alleged actions in "selectively prosecuting" Plaintiff Father, allegedly concealing exculpatory evidence, failing to indict Savko, and delaying court proceedings, all in the federal criminal actions. (Doc. No. 36 at ¶ 74.) In fact, Plaintiff Father repeatedly states that Defendant Hull "acted under the color of federal law . . . ." (*Id.*) Therefore, Plaintiff's § 1983 claims against Defendant should be dismissed with prejudice as any amendment would be futile.[2]

b. <u>Section 1985(3) claims</u>

Defendant argues that Plaintiff's § 1985 claims should also be dismissed because he

---

[2]The Court of Appeals in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir.2008).

cannot be liable thereunder in either his individual or official capacities.  (Doc. No. 131 at 8-9.)

Unlike § 1983, state action is not required to support a claim pursuant to § 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88 (1971).  Absent a waiver of sovereign immunity, however, federal officials cannot be sued in their official capacities because a suit against a federal official in his official capacity is, in fact, a suit against the United States.  *See Kentucky v. Graham,* 473 U.S. 159, 165-67 (1985).  The United States may not be sued without its consent, and it has not consented to be sued under the civil rights statutes, including § 1985.  *Benson v. United States,* 969 F. Supp. 1129, 1135 (N.D. Ill. 1997) (citing *Unimex, Inc. v. United States Dep't of Housing and Urban Dev.,* 594 F.2d 1060, 1061 (5th Cir. 1979); *see also Shoman v. U.S. Customs and Border Protection,* No. 07-994, 2008 WL 203384, at *4 (W.D. Pa., Jan. 24, 2008) (dismissing § 1985(3) claims against federal actors in official capacities, because no waiver of sovereign immunity).  Hence, Plaintiff Father's § 1985(3) claims against Defendant in his official capacity must be dismissed with prejudice; any attempt to amend would be futile.

Although it is unclear whether Plaintiff has alleged a § 1985(3) claim against Defendant in his individual capacity, this claim too must be dismissed with prejudice.  First, in order to state a claim under § 1985(3), the Plaintiff must allege four elements:  1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States.  *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin,* 403 U.S. at 102)).  Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the

alleged conspirators.  *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970)),)*abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.,* 326 F.3d 392, 400 (3d Cir. 2003; *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991), *later proceeding*, *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992), *superseded by statute,* Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, *as discussed in Nyhuis v. Reno,* 204 F.3d 65 (3d Cir. 2000)  Even though the Supreme Court held in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), that the allegations in a § 1983 complaint cannot be held to a standard of heightened specificity, a plaintiff must allege conspiracy with some particularity.  *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman,* 507 U.S. at 168).  "While the pleading standard under [Fed. R. Civ. P.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements."  *Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

  Plaintiff has failed to allege any facts that indicate that the Defendant entered into any agreement or plan to deprive Plaintiff of his constitutional rights.  He has pleaded no facts suggesting racial or other class bias with regard to the federal criminal proceedings and conviction with which this Defendant was involved.  "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim."  *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (quotation omitted).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted under 42 U.S.C. § 1985(3).  *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir.

10

1976) (dismissal of cause of action for damages arising out of alleged conspiracy to interfere with civil rights was proper where convict's conclusory pleadings failed to allege any facts on which to base a conspiracy charge).

          c.      <u>Sections 1986 and 1988</u>

Defendant argues that Plaintiff Father's claims pursuant to §§ 1986 and 1988 must also be dismissed with prejudice because a § 1986 claim cannot exist without a viable § 1985 claim, and § 1988 does not create a private cause of action. (Doc. No. 131 at 9-10.)

42 U.S.C. § 1986 provides in part as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action . . . .

42 U.S.C. § 1986.

Liability under 42 U.S.C. § 1986 is predicated on knowledge of a violation of 42 U.S.C. § 1985. *Bell v. City of Milwaukee*, 746 F.2d 1250, 1256 (7th Cir. 1984), *overruled on other grounds by Russ v. Watts,* 414 F.3d 783 (7th Cir. 2005). As stated above, Plaintiff has not alleged any facts to support liability under 42 U.S.C. § 1985. Consequently, his claim under 42 U.S.C. § 1986 should be dismissed with prejudice. *Accord Rouse v. Benson*, 193 F.3d 936, 943 (8th Cir. 1999) (holding that inmate's allegations did not support liability under 42 U.S.C. §§ 1985(3) or

1986 as he failed to demonstrate a meeting of the minds of the alleged conspirators). Any attempt to amend this claim would be futile.

Finally, 42 U.S.C. § 1988 does not create an independent cause of action for the violation of federal civil rights. *Moor v. County of Alameda,* 411 U.S. 693, 702-03 (1973). Therefore, Plaintiff's § 1988 claim should be dismissed with prejudice.[3]

### D. *Bivens* Claims

In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, the United States Supreme Court created a cause of action for money damages and injunctive relief against federal officials acting under color of their authority for violating an individual's constitutional rights. 403 U.S. 388 (1971)

#### 1. Official Capacity

It is unclear from the Amended Complaint whether Plaintiff Father has brought a *Bivens action* against Defendant Hull in his official capacity as an Assistant United States Attorney. If so, the *Bivens* decision does not support jurisdiction over such claims. *F.D.I.C. v. Meyer,* 510 U.S. 471, 473 (1994). As discussed above, an action against a federal official in his official capacity is in essence, an action against the United States. *See Kentucky v. Graham,* 473 U.S. at 165-67. The Court therefore lacks subject matter jurisdiction over any such claim as there has been no waiver of sovereign immunity. *See F.D.I.C.,* 510 U.S. at 473 (*Bivens* only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies.) Consequently, to the extent that Plaintiff Father brings a *Bivens* action against

---

[3]Clearly, any attempt to amend this claim would be futile.

Defendant Hull in his official capacity as Assistant United States Attorney, the claim should be dismissed with prejudice.

    2,  Individual Capacity

To the extent that Plaintiff Father has attempted to make out a *Bivens* claim against Defendant in his individual capacity, such claim against this Defendant must be dismissed with prejudice on the basis of absolute prosecutorial immunity.

In *Imbler v. Pachtman*, the United States Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431 (1976)[4]. In order for absolute immunity to apply, the prosecutor's conduct during the initiation and presentation of the State's case must be "an integral part of the judicial process." *Id.* at 430 (quoting *Imbler v. Pachtman*, 500 F.2d 1301, 1302 (9th Cir. 1974)). The United States Supreme Court has reaffirmed that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). A court must engage in a functional analysis to determine whether the conduct of a prosecutor falls within this "quasi-judicial" role. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992). The United States Court of Appeals for the Third Circuit has noted that the law "is well settled that prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory

---

[4] Although *Imbler* was a suit against a state prosecutor under 42 U.S.C. § 1983, the United States Court of Appeals for the Third Circuit has held that public policy mandates that a similar immunity be extended to federal prosecutors in *Bivens* suits. *Brawer v. Horowitz,* 535 F.2d 830, 834 (3d Cir. 1976). The court in *Brawer* also held that such immunity applies in suits seeking equitable relief as well as suits for money damages. 535 F.2d at 834.

evidence, so long as they did so while functioning in their prosecutorial capacity." *Yarris v. County of Delaware*, 465 F.3d 129, 137 (3d Cir. 2006).  Hence, Defendant's Motion to Dismiss Plaintiff Father's claim that he withheld exculpatory evidence should be granted with prejudice.

Similarly, many of the United States Courts of Appeals are in agreement in holding that prosecutors are absolutely immune from suit for the decision not to prosecute.  *See Nedab v. Litten,* No. 05-cv-5058, 2006 WL 1674254 at *1 (3d Cir. June 19, 2006); *Foster v. PHRC*; No. 05-cv-1102, 2005 WL 2891368 at *2 (3d Cir. Nov. 3, 2005); *Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001); *Roe c. City and County of San Francisco*, 109 F.3d 578, 583 (9th Cir. 1997); *Ross Yordy Constr. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995); *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992); *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1989); *Meade v. Grubbs*, 841 F.2d 1512, 1530 (10th Cir. 1988).  Therefore, Defendant's Motion to Dismiss Plaintiff Father's claim that he failed to indict Savko should be granted with prejudice.

Clearly, all of Plaintiff's complaints concerning Defendant's handling of his criminal prosecutions fall within Defendant's prosecutorial functions and must be dismissed with prejudice.

### E.     Standing

Finally, Defendant moves to dismiss Plaintiff's claim that Defendant "review[ed] naked photos of Gina [Savko] and video of co-defendant in sexual acts and then informed plaintiff of his viewing and his denial of pursuing indictment of Savko."  (Doc. No. 36 at ¶ 74.)  Plaintiff also avers that Defendant "warned Savko by a phone conversation that he hadn't decided wether

[sic] or not to indict Savko." (*Id.* at ¶ 75.)  Defendant argues that these averments must be dismissed because they do not allege an injury sustained by Plaintiff, the first requirement of standing.  (Doc. No. 131 at 13-14.)  Plaintiff responds that federal jurisdiction has been established.  (Doc. No. 150 at 11.)

The United States Supreme Court has stated that "Article III, of course, gives the federal courts jurisdiction over only 'cases and controversies,' and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas,* 495 U.S. 149, 154-55 (1990).  The *Whitmore* Court distilled the elements of standing from its prior decisions, and set forth the following elements in establishing an Article III case or controversy: 1) a litigant must establish an "injury in fact;" that is, one that is "distinct and palpable" to the complainant himself; 2) the litigant must show that the injury "fairly can be traced to the challenged action;" and 3) the injury "is likely to be redressed by a favorable decision." *Whitmore,* 495 U.S. at 155 (internal citations omitted).

Clearly, Plaintiff Father cannot meet the "injury" requirement with regard to the above claims relating to Savko because the averments fail to describe an injury in fact to Plaintiff himself.  Therefore, these claims involving Savko should be dismissed with prejudice.  Again, any amendment will be futile.

### III.     Conclusion

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss (Doc. No. 130) filed by Defendant Paul E. Hull be granted with prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

FEDERAL RULE OF CIVIL PROCEDURE 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: February 22, 2010

BY THE COURT:

_____
LISA PUPO LENIHAN
United States Magistrate Judge

All Counsel of Record
Via Electronic Mail

Daniel J. Goodson, III
GW1171
SCI Mahanoy
301 Morea Road
Frackville, PA 17932