IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL J. GOODSON, III, *et al*, | ) | Civil Action No. 08 - 44 |
| | ) | |
| Plaintiffs, | ) | Judge Gary L. Lancaster |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| v. | ) | |
| | ) | |
| LAWRENCE O. MAGGI, *et al*., | ) | |
| | ) | Doc. No. 161 |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss (Doc. No. 161) filed by Defendant Carl Marcus, be granted with prejudice, except as to those claims brought by the minor children, which should be dismissed without prejudice.

**II.   REPORT**

**A.   Relevant Facts**

Plaintiff Daniel J. Goodson III (hereinafter "Father") is a *pro se* incarcerated individual who has filed this civil action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 on behalf of himself and his four minor children, D.G. VI, J.G., S.G. and D.G.  (Pls.' Compl. Overview.)[1]  Plaintiffs assert violations of their first, fourth, fifth, sixth, thirteenth and fourteenth amendment rights.  (*Id.*)

---

[1] Plaintiffs' original complaint, received by the Clerk of Courts on January 11, 2008, contained a number of attachments.  On October 17, 2008, Plaintiffs filed an amended complaint (Doc. No. 36), which is essentially the same as the original complaint but without the attachments.  For ease of reference, all citations to the complaint in this report and recommendation are to Doc. No. 36.

The complaint contains a plethora of different claims regarding a variety of different situations. The majority of the claims, however, stem from custody proceedings regarding Father's children in the state courts of Pennsylvania and Colorado (hereinafter the "underlying custody matter"). Plaintiffs have named thirty-seven different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers of Father's children, Father's former counsel, foster parents, a guardian ad litem, a state trooper, a prison official, a sheriff, and state and federal prosecutors.

Plaintiffs assert state law claims against all Defendants for outrageous conduct, intentional infliction of emotional distress, and gross negligence.

Plaintiffs seek generally declaratory, injunctive and monetary relief against all Defendants. (*Id.* at Posture.)

In addition, Plaintiffs ask this Court to order (1) the filing of federal criminal charges against those defendants as warranted and (2) a federal investigation of all Defendants' conduct and actions in regard to the complaint. With regard to monetary relief, Plaintiffs seek from each Defendant compensatory damages in the amount of $50,000 and punitive damages in the amount of $100,000. (*Id.*)

Presently before the Court is Defendant Carl Marcus' Motion to Dismiss pursuant to Rule 12(b)(6). In their amended complaint, Plaintiffs aver that Defendant Marcus, an attorney, represented Savko in the action regarding D.G. against Plaintiff Father, while representing Plaintiff Father in an unrelated appeal. Plaintiffs allege that this created a conflict of interest which prejudiced Plaintiff Father. (Doc. No. 36 at ¶ 45.) Plaintiffs' only other averment against Defendant Marcus is that Marcus conspired with Savko, Washington County Judge Mascara,

2

Washington County Children and Youth Services caseworkers Gray, and Berdine, Attorney Kramer, and the Wilcoxes (who provided interim care to D.G.,) to racially discriminate against Plaintiff Father. (*Id.* at 71.)

### B. <u>Legal Standard</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and

3

described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the *Fowler* court set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,*129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the

complaint. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n.2 (3d Cir. 1994). A court may also consider indisputably authentic documents. *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004). Finally, the Court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

In support of his motion to dismiss pursuant to Rule 12(b)(6), Defendant Marcus argues the following:1) on the face of the amended complaint, Plaintiff Father has plead facts to demonstrate that he does not have the authority to sue on behalf of the minor children; 2) Plaintiff has failed to allege facts indicating that Defendant acted under color of state law, and that Marcus violated "rights, privileges, or immunities secured by the Constitution or laws of the United States" (Doc. No. 161at ¶¶ 10-11); and 3)Plaintiff has failed to allege facts sufficient to state a claim for conspiracy pursuant to 42 U.S.C. §1985(3).

**C.    Analysis**

1.    Plaintiff Father's Authority to Sue on Behalf of Minor Children

Defendant argues that pursuant to various allegations in the amended complaint, any claims brought by Plaintiff Father on behalf of the minor children should be dismissed pursuant to the Federal Rules of Civil Procedure. The law in the Third Circuit is clear that a parent appearing *pro se*, may not bring an action on behalf of minor children in federal court. *Osei-Afriyie v. Medical College of Pennsylvania,* 937 F.2d 876, 882-83 (3d Cir. 1991). This rule has been specifically extended to civil rights and constitutional violation claims. *See e.g., Cole v. Montague Bd. Of Educ.,* 145 Fed. Appx. 760, 762 n.1 (3d Cir. 2005). In *Osei-Afriyie,* the Third

Circuit quoted language from the Second Circuit Court of Appeals with which it found itself in accord:

> [A] non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child.  The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17(b), cannot determine their own legal actions.  There is thus no individual choice to proceed *pro se* for courts to respect, *and the sole policy at stake concerns the exclusion of non-licensed persons to appear as attorneys on behalf of others*.
> *It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys*.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.

*Osei-Afriyie,* 937 F.2d at 882-83 (quoting *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.,* 906 F.2d 59, 61 (2d Cir. 1990)) (emphasis added). *See also* FED. R. CIV. P. 17 (certain representatives may sue on behalf of minors including general guardians, a committee, a conservator, or a like fiduciary).  The strong policy consideration articulated by the Second Circuit Court of Appeals requires that this Court dismiss all claims of the Plaintiff minor children without prejudice.  *See Osei-Afriyie,* 937 F.2d at 883 (children's claims will "accrue for purposes of the relevant statutes of limitations when the children reach eighteen years of age, or sooner if they become emancipated minors").

    2.    <u>42 U.S.C. § 1983</u>

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

      a.      Color of State Law

Defendant argues that "[a]cts and conduct by an attorney providing legal representation are not under color of state law," and therefore, Plaintiff's § 1983 claims against him must be dismissed with prejudice[2]. (Doc. No. 161 at ¶ 10.)

In his amended complaint, Plaintiff Father avers that Defendant acted as his attorney in an appeal and that he also represented Savko in the unrelated juvenile court proceedings against Plaintiff Father. (Doc. No. 36 at ¶ 45.) Construing Plaintiff's averments liberally and affording him all favorable inferences,[3] Plaintiff's claim against this moving Defendant must be dismissed

---

[2]Plaintiff Father failed to file a responsive brief to Defendant Marcus' motion to dismiss at Doc. No. 161. Plaintiff Father has filed responses to the numerous motions to dismiss filed thus far, and was well aware of the 30 day requirement for filing his responsive brief. Further, Plaintiff Father did not request an extension of time in which to file a responsive brief.

[3]Plaintiff Father's averments in ¶ 45 of the amended complaint continue beyond this allegation but are cryptic at best. Plaintiff Father states in part that Marcus':
> dual representation out of retrobution [sic] for plaintiff because of his sexual affair with Savko for drugs and legal fees to Savko all about plaintiffs children in Colorado breaching atty/client privilege causing harm to plaintiff by which Savko used this information with new atty and C.Y.S. to bring about frivolous aggravated circumstances to keep plaintiff from visiting with minor child D.G. or communicating with. Also defendant as reported by Savko did engage in oral sex

7

with prejudice.

The United States Court of Appeals for the Third Circuit has noted that attorneys performing their traditional functions are not state actors for purposes of § 1983 liability. *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk County v. Dodsen,* 454 U.S. 312, 318 (1981) ("[A] lawyer representing client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Barnard v. Young,* 720 f.2d 1188, 1189 (10th Cir. 1983) (("[P]rivate attorneys, by virtue f being officers of the court, do not act under color of state law within the meaning of section 1983.")). *See also Dodsen,* 454 U.S. at 324-25 ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Consequently, Defendant Marcus cannot be liable to Plaintiff Father pursuant to 42 U.S.C. § 1983 for any alleged conduct that deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States[4]. Defendant Marcus' Motion to Dismiss Plaintiff's § 1983 claim should be dismissed with prejudice; any attempt to amend would be futile.[5]

      b. <u>Conspiracy pursuant to 42 U.S.C. § 1983</u>

---

acts with Savko along with cocaine use prior to juvenile court proceedings. (Doc. No. 39 at ¶ 45.)

[4]Because Defendant Marcus was not a state actor, the Court need not address the balance of Defendant's § 1983 arguments.

[5]The Court of Appeals in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir.2008).

In ¶ 71 of the amended complaint, Plaintiff avers only that Defendant Marcus conspired with Savko, Kramer, Judge Mascara, Gray, Berdine, and the Wilcoxes to racially discriminate against the Plaintiff.

As a preliminary matter, the Court notes that because there can be no constitutional violations under § 1983 in the absence of state action, likewise, there can be no § 1983 conspiracy claim. As noted by the United States Court of Appeals for the Third Circuit, "[i]n order to prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. Of Educ. v. N.E. ex rel. M.E.,* 172 F.3d 238, 254 (3d Cir. 1999). In addition, absent a showing of an underlying violation of a federal right, no cause of action for conspiracy under § 1983 can be established. *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)) ("[A] plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'"), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.,* 326 F.3d 392, 400 (3d Cir. 2003) .

Plaintiff has also failed to sufficiently allege a conspiracy claim pursuant to the requirements of *Twombly* and its progeny. In order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must allege conspiracy with particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants. *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or

9

understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also Loftus v. Southeastern Pa. Transp. Auth.*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [FED. R. CIV. P.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by any of the Defendants to achieve a conspiracy. Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are insufficient to state a claim upon which relief can be granted. *See, e.g.*, *Swanson v. Miller*, 55 Fed. Appx. 871 (10th Cir. 2003) (upholding dismissal of plaintiff's conclusory allegations of conspiracy as insufficient to state a claim for relief); *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003). Consequently, Plaintiff's claim of conspiracy pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice. Any attempt to amend would be futile.

      c.      <u>Conspiracy pursuant to 42 U.S.C. § 1985(3)</u>

Unlike § 1983, state action is not required to support a claim pursuant to § 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88 (1971) In order to state a claim under § 1985(3), the Plaintiff must allege four elements: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) injury to a person or property or deprivation of any right or privilege of a citizen of the United

States.  *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin,* 403 U.S. at 102)).  Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators.  *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970)),*abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.,* 326 F.3d 392, 400 (3d Cir. 2003); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991), *later proceeding*, *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992), *superseded by statute,* Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, *as discussed in Nyhuis v. Reno,* 204 F.3d 65 (3d Cir. 2000)  Even though the Supreme Court held in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), that the allegations in a § 1983 complaint cannot be held to a standard of heightened specificity, a plaintiff must allege conspiracy with some particularity.  *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman,* 507 U.S. at 168).  "While the pleading standard under [Fed. R. Civ. P.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements." *Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994).

Plaintiff Father's attempt to allege a conspiracy between moving Defendant Marcus and Defendants Savko, Kramer, Judge Mascara, Gray, Berdine, and the Wilcoxes, Plaintiff Father has failed to allege any facts that indicate that the Defendants entered into any agreement or plan to deprive Plaintiff of his constitutional rights, nor has Plaintiff Father averred any facts to show an act in furtherance of the agreement.  "[M]ere conclusory allegations of deprivations of

constitutional rights are insufficient to state a § 1985(3) claim." *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992) (quotation omitted). Accordingly, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1985(3). *United States ex rel. Simmons v. Zibilich*, 542 F.2d 259 (5th Cir. 1976) (dismissal of cause of action for damages arising out of alleged conspiracy to interfere with civil rights was proper where convict's conclusory pleadings failed to allege any facts on which to base a conspiracy charge). Any attempt to amend would be futile.

### III.    Conclusion

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss (Doc. No. 161) filed by Defendant Carl Marcus be granted with prejudice, except as to those claims brought by the minor children, which should be dismissed without prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and FEDERAL RULE OF CIVIL PROCEDURE 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: February 22, 2010                                       BY THE COURT:

                                                              /s/ Lisa Pupo Lenihan
                                                              LISA PUPO LENIHAN
                                                              United States Magistrate Judge

All Counsel of Record
Via Electronic Mail

Daniel J. Goodson, III
GW1171
SCI Mahanoy
301 Morea Road
Frackville, PA 17932