IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. GOODSON, III, *et al*, | Civil Action No. 08 - 44 |
| Plaintiffs, | Judge Gary L. Lancaster |
| | Magistrate Judge Lisa Pupo Lenihan |
| v. | |
| LAWRENCE O. MAGGI, *et al.*, | Doc. No. 122 |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss (Doc. No. 122) filed by Defendants Jeffrey A. Beard and Christopher J. Neal be denied without prejudice.

**II.   REPORT**

   **A.   Relevant Facts**

Plaintiff Daniel J. Goodson III (hereinafter "Father") is a *pro se* incarcerated individual who has filed this civil action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 on behalf of himself and his four minor children, D.G. VI, J.G., S.G. and D.G.  (Pls.' Compl. Overview.)[1]  Plaintiffs assert violations of their first, fourth, fifth, sixth, thirteenth and fourteenth amendment rights.  (*Id.*)  The complaint contains a plethora of different claims regarding a variety of different situations.  The

---

[1] Plaintiffs' original complaint, received by the Clerk of Courts on January 11, 2008, contained a number of attachments.  On October 17, 2008, Plaintiffs filed an amended complaint (Doc. No. 36), which is essentially the same as the original complaint but without the attachments.  For ease of reference, all citations to the complaint in this report and recommendation are to Doc. No. 36.

majority of the claims, however, stem from custody proceedings regarding Father's children in the state courts of Pennsylvania and Colorado (hereinafter the "underlying custody matter").  Plaintiffs have named thirty-seven different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers of Father's children, Father's former counsel, foster parents, a guardian ad litem, a state trooper, a prison official, a sheriff, and state and federal prosecutors.

Presently before the Court is a Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) filed by Defendants Jeffrey A. Beard and Christopher J. Neal.  (Doc. No. 122.)  Defendants set forth the following argument: "Plaintiff's claim that the Department of Corrections illegally prolonged his incarceration by failing to acknowledge the existence of a Superior Court order vacating one of his sentences has not been exhausted pursuant to the requirement of the Prison Litigation Reform Act." (Doc. No. 123 at 9-13)  Defendants submit the Declaration of Dorina Varner (Exhibit I) in support thereof.

To decide a motion to dismiss, courts generally consider the allegations of the complaint, matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint.  *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  A court may also consider indisputably authentic documents.  *Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004).  If other matters are considered by the court, a motion to dismiss should be converted to a motion for summary judgment.  *Berry v. Klem,* 283 Fed. Appx. 1, 3 (3d Cir. 2008) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1197 (3d Cir. 1993)).  *See also* FED. R. CIV. P. 12 (d).  "Reliance on declarations from prison officials or Corrections Department administrators requires conversion."  *Berry,* 283 Fed.

Appx. at 3 (citing *Camp v. Brennan,* 219 F.3d 279, 280 (3d Cir. 2000)).  Hence, Defendants' submission of the Varner Declaration requires conversion.

Defendants have not moved in the alternative for summary judgment.  Thus, Plaintiff did not receive sufficient notice of the possible conversion of the motion to dismiss to a motion for summary judgment.  *Reyes v. Sobina,* 333 Fed. Appx. 661, 662 n.1 (3d Cir. 2009) (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 184 F.3d 280, 288-89 (3d Cir. 1999)).  This is particularly important here where the Plaintiff is proceeding *pro se*.  Therefore, the Court is compelled to comply with the dictates of FEDERAL RULE OF CIVIL PROCEDURE 12(d) and give Plaintiff "a reasonable opportunity to present all the material that is pertinent" to Defendants' motion.  FED. R. CIV. P. 12(d).  Moreover, Plaintiff indicated in his Answer to Defendants' Motion to Dismiss that he was filing a responsive brief contemporaneously with his answer.  (Doc. No. 143 at ¶ 2.)  After thoroughly searching the record, the Court could not find Plaintiff's responsive brief.  It is clear, however, that Plaintiff intended to file a response, and should be afforded the opportunity to do so.

Therefore, it is respectfully recommended that the Motion to Dismiss (Doc. No. 122) filed by Defendants Jeffrey A. Beard and Christopher J. Neal be denied without prejudice.  However, because the submission of the declaration of Dorina Varner converts the motion to dismiss to a motion for summary judgment, and Rule 12(d) requires that Plaintiff be given the opportunity to present all material pertinent to this portion of the motion, the Court finds that Defendants should be allowed to file a subsequent dispositive motion, and Plaintiff be given an opportunity to file a responsive brief thereto.

**III.**     **Conclusion**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss (Doc. No. 122) filed by Defendants Jeffrey A. Beard and Christopher J. Neal be denied without prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and FEDERAL RULE OF CIVIL PROCEDURE 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Dated: February 24, 2010

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

All Counsel of Record
Via Electronic Mail

Daniel J. Goodson, III
GW1171
SCI Mahanoy
301 Morea Road
Frackville, PA 17932