**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. GOODSON, III, *et al*, | ) | Civil Action No. 08 - 44 |
| | ) | |
| Plaintiff, | ) | Chief Judge Lancaster |
| | ) | Chief Magistrate Judge Lenihan |
| v. | ) | |
| | ) | |
| LAWRENCE O. MAGGI, *et al.*, | ) | ECF No. 258 |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Renewed Motion to Dismiss (ECF No. 258) filed by Defendant James R. Jeffries, Esquire, be granted.

### II. REPORT

#### A. Relevant Facts

Plaintiff Daniel J. Goodson III (hereinafter "Father" or "Plaintiff") is a *pro se* individual who has filed this civil action pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 on behalf of himself and his four minor children, D.G. VI, J.G., S.G. and D.G. (ECF No. 36 at Overview.)[1] At ECF No. 242 Chief District Judge Lancaster dismissed the claims of minor Plaintiffs without prejudice, and on December 23, 2010, these minor children were terminated as parties in the above-captioned case. Therefore, Father, Daniel J. Goodson, III, is the only remaining Plaintiff.

Plaintiff asserts violations of his First, Fourth, Fifth, Sixth, Thirteenth and Fourteenth

---

[1] Father's original Complaint, received by the Clerk of Courts on January 11, 2008, contained a number of attachments. On October 17, 2008, Father filed an Amended Complaint (ECF No. 36), which is essentially the same as the original Complaint but without the attachments. For ease of reference, all citations to the Complaint in this Report and Recommendation are to ECF No. 36.

1

Amendment rights. (ECF No. 36 at Overview.) The Amended Complaint contains a plethora of different claims regarding a variety of different situations. The majority of the claims, however, stem from custody proceedings regarding Father's children in the state courts of Pennsylvania and Colorado (hereinafter the "underlying custody matter"). Plaintiff has named 37 different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers of Father's children, Father's former counsel, foster parents, a guardian ad litem, a state trooper, a prison official, a sheriff, and state and federal prosecutors. Jeffries was appointed by the state court to represent Plaintiff in the placement proceedings regarding D.G.

In July 2004, D.G. was born as a result of a relationship between Father and Defendant Gina Savko ("Savko"). (ECF No. 36 at ¶ 31.) In December of 2005, Father learned that D.G. was in an allegedly unsafe environment and filed for custody of D.G. in Westmoreland County Court. (ECF No. 36 at ¶ 31; *see also* Westmoreland County Ct. of Com. Pleas, Family Court-Custody Division, Docket No. 123 of 2006D.) He also filed a complaint with Westmoreland County Children's Bureau. (ECF No. 36 at Synopsis.) In March of 2006, Father was advised that D.G. was currently residing in Washington County, and to contact Washington County. (Letter dated 3/1/06 from Judge Driscoll's Law Clerk (copy attached to Compl.–*see* Doc. No. 1-3).) On July 27, 2006 and August 18, 2006, Washington County Children & Youth Services ("Washington County CYS") filed Emergency Shelter Petitions and D.G. was ordered to be temporarily placed in foster care pending a hearing on the Petitions. (Emergency Shelter Petitions filed 7/27/06 and 8/18/06, and Judge Mascara's 8/18/06 Order, at No. 24 July 2006, Washington Co. Ct. Com. Pleas, Juvenile Ct. Div. (copies of which are attached to Compl.–*see* Doc. No. 1-3).) A hearing was held in Washington County Court of Common Pleas (hereinafter

"Washington County Court") on August 21, 2006 on the Emergency Petitions, after which Defendant Judge Mark Mascara entered an order directing that D.G. be placed in protective physical and legal custody of Washington County CYS.[2]  Judge Mascara also presided over subsequent juvenile court hearings regarding the Permanency Petition of Washington County CYS to determine the dependency of D.G. from August 2006 to the filing of this federal lawsuit.

Plaintiff seeks generally declaratory, injunctive and monetary relief against all Defendants. (ECF No. 36 at Posture.) Relating to the facts and circumstances involving Defendant James R. Jeffries, Esquire ("Jeffries"), who has filed the instant motion to dismiss, Plaintiff requests the following injunctive and/or declaratory relief:

(1) enjoin the state of Pennsylvania from seeking to enforce its final judgment in the interest of D.G. a minor child at JV 274-06, Washington County, PA.

(2) order that the names of the minor children be changed back to their birth names;

(3) order that D.G. be placed under the guardianship of her paternal grandparents;

(4) order that jurisdiction in all custody matters be remanded to the Westmoreland County Court and Westmoreland County CYS.

(5) order a federal investigation of all Defendants' conduct and actions in relating to the Amended Complaint.

(ECF No. 36 at Synopsis.) In addition, Plaintiff requests an order directing (1) the filing of federal criminal charges against those defendants as warranted and (2) a federal investigation of all Defendants' conduct and actions in regard to the complaint. With regard to monetary relief,

---

[2] In addition, in his August 21, 2006 order, Judge Mascara denied Father's motion to change D.G.'s placement to paternal aunt's home and motion for change of venue to Westmoreland County. He further ordered that Father shall have no contact with D.G. at that time and that mother shall have weekly supervised visits provided negative drug testing results. (Judge Mascara's 8/21/06 Order at Compl. ECF No. 1-3).

Plaintiff seeks from each Defendant compensatory damages in the amount of $50,000 and punitive damages in the amount of $100,000. (ECF No. 36 at Synopsis.)

Liberally construing Plaintiff's Amended Complaint, Plaintiff's claims against Jeffries are found in Paragraphs 17, 19, 29, 33, 36, 43, 44, 76, 77 and 84 and aver as follows:

1) That Jeffries, along with other Defendants, conspired to interfere with Plaintiff's civil rights under color of law and in their personal capacity. (ECF No. 36 at ¶ 17.)

2) That Defendants told Plaintiff at hearings that he would never see any of his children again including D.G. and that his parental rights would eventually be terminated. (ECF No. 36 at ¶ 19.)

3) That Jeffries, along with other Defendants, has made false statements, has attempted to preclude Plaintiff from filing complaints and appeals, and forbade his testimony and his freedom of speech to the court and news media. Plaintiff further avers that Jeffries and other Defendants have made racial slurs/remarks towards Plaintiff and his family. Plaintiff also alleges that Defendants, including Jeffries, have manipulated the legal system to harm Plaintiff and his family. (ECF No. 36 at ¶ 29.)

4) Plaintiff avers that most of the actions of the Defendants occurred "during the administrative acts [and] therefore absolute immunity" does not apply. (ECF No. 36 at ¶ 33.)

5) Plaintiff alleges that Defendants held meetings without Plaintiff's defense counsel present where they orchestrated and coordinated their theories to prosecute Plaintiff civilly and criminally to keep minor children away from him and his family. (ECF No. 36 at ¶ 36.)

6) That specifically as to Defendant Jeffries, Plaintiff avers that Jeffries did not include in a filing a "concise statement of matters complained upon" for appeal purposes, arguments Plaintiff had asserted which Plaintiff avers prejudiced him and would have assisted his appeal. Plaintiff avers that Jeffries only filed the appeal after being forced to do so by Judge Mascara, even though Jeffries told Plaintiff he would not file the appeal. Plaintiff further alleges that Jeffries would not accept phone calls from Plaintiff or visit him to acquire more details and facts, and thereby denied Plaintiff due process and effective representation. Plaintiff also states that Jeffries discriminated against him because of his race. (ECF No. 36 at ¶ 43.)

7) Plaintiff further avers that Defendants Jeffries, Kocevar (D.G.'s guardian ad litem), Judge Mascara, Savko, Kramer (attorney for Savko), and Washington County Children and Youth Services conspired with one another to make false and inflammatory statements against Plaintiff. Plaintiff alleges that these statements were made to both racially discriminate against him and in retribution for his filing complaints against all of these Defendants. (ECF No. 36 at ¶ 44.)

8) Plaintiff alleges that during a September 14, 2006 conference call between himself, and defendants Mascara, Kramer, Kocevar, the Wilcoxes (interim caregivers for D.G.), Savko and others, he overheard all Defendants making racially disparaging remarks when they believed that the phone call had been terminated, when in fact, it had not. Plaintiff avers that these remarks continued for 3-5 minutes and only ceased when Plaintiff made it known that he could hear their remarks. At that point, the call was terminated. (ECF No. 36 at ¶¶ 76-77.)

9) Plaintiff avers that all Defendants conspired with one another by off record comments, internet exchanges, and with written and telephonic communications. (ECF No. 36 at ¶ 84.)

10) Finally, Plaintiff asserts state law claims of outrageous conduct, intentional infliction of emotional distress, and gross negligence against all Defendants.

**B.** <u>**Legal Standard**</u>

PRO SE PLEADINGS

The Court must liberally construe the factual allegations of Plaintiff's Amended Complaint because p*ro se* pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Further, Federal Rule of Civil Procedure 8(e) requires that all pleadings be construed "so as to do justice." Fed. R. Civ. P. 8(e).

MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, In light of *Iqbal*, the United States Court of Appeals for the Third Circuit in *Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009),* set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129

S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

In support of the Motion to Dismiss pursuant to Rule 12(b)(6), Jeffries argues that he is entitled to judgment as a matter of law because, as court appointed counsel to Plaintiff, Jeffries is not a state actor for purposes of § 1983. Defendant Jeffries further argues that Plaintiff's averments of conspiracy must fail as a matter of law. In Response, Plaintiff argues that Jeffries is a state actor because he acted in concert with co-conspirators who are state actors. Plaintiff further argues that he has sufficiently plead his §§ 1985 and 1986 claims.[3]

### C. **Analysis**

1. State Actor

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to

---

[3] Although ordered to file a Response to Defendant Jeffries' Renewed Motion to Dismiss, (s*ee* ECF No. 278), Plaintiff failed to respond. The Court, however, looks to Plaintiff's Response (ECF No. 214) to Jeffries' initial Motion to Dismiss.

> the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . ..

42 U.S.C. § 1983. To state a claim for relief under this provision, the Plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the Plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Court appointed counsel does not qualify as a state actor for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law, although an employee of the state when serving as counsel to an indigent defendant; public defender owes loyalty to the criminal defendant, not the state); *Davis v. Philadelphia County*, 195 F. Supp.2d 686, 688-89 (E.D. Pa. 2002) (court-appointed defense attorney does not qualify as a state actor for purposes of § 1983). Instead, as quoted in footnote by the United States Supreme Court in *Polk County*:

> [T]he primary office performed by appointed counsel parallels the
> office of privately retained counsel. Although it is true that
> appointed counsel serves pursuant to statutory authorization and in
> furtherance of the federal interest in insuring effective
> representation of criminal defendants, his duty is not to the public
> at large, except in that general way. His principal responsibility is
> to serve the undivided interests of his client. Indeed, an
> indispensable element of the effective performance of his
> responsibilities is the ability to act independently of the
> Government and to oppose it in adversary litigation."

*Polk County*, 454 U.S. at 319 n.8. Here, Jeffries was appointed by the state court to represent Plaintiff Father in the placement proceedings involving his daughter D.G. (ECF No. 36 at ¶ 43.) Plaintiff's claims against Jeffries relate to his performance of traditional legal services. Plaintiff's averments regarding Jeffries involve the legal process (failure to file complaints,

appeals and certain papers in support of an appeal that was taken, failure to present testimony and to address the court and the new media regarding his case), and failures to investigate and communicate with Plaintiff during the course of Jeffries' representation of Plaintiff. Jeffries, therefore, "will not be considered a state actor solely on the basis of [his] position as [an officer] of the court." *Angelico v. Lehigh Valley Hops., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (citing *Polk County*, 454 U.S. at 318) (other citations omitted).

2. Conspiracy

Further, contrary to Plaintiff's assertion, Defendant Jeffries may not be found to be a state actor by virtue of the conspiracy allegations of the Amended Complaint. Plaintiff relies upon *Dennis v. Sparks*, 449 U.S. 24, 27 (1980), for the proposition that a private person engaged with state officials in prohibited conduct, are acting under color of state law for purposes of § 1983 liability. Although § 1983 liability will not generally lie against a private party, liability may attach where the private party "is a willful participant in joint action with the State or its agents." *Dennis,* 449 U.S. at 27. Hence, a private action may be converted into state action if a state actor conspires with a private individual to deprive a plaintiff of his constitutional rights. *Id.* at 27-29. The requisite state action may be found even if the state actor with whom the private individual allegedly conspired is himself immune from suit. *Id.* (action against private parties accused of conspiring with judge found to be state action under § 1983). The allegations of a complaint, however, must state a claim for conspiracy. *See id.* at 28.

Plaintiff has failed to allege a plausible conspiracy claim pursuant to the requirements of *Twombly* and its progeny. In order to make out a claim for conspiracy pursuant to 42 U.S.C. § 1983, a plaintiff must allege conspiracy with particularity even though a heightened pleading

standard generally does not apply to civil rights actions against individual defendants. *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). "To plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *See, e.g., Shearin v. E.F. Hutton Group, Inc.,* 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis,* 529 U.S. 494 (2000). Further, in light of *Twombly* and its progeny, there must be "'enough factual matter (taken as true) to suggest that an agreement was made,' in other words, 'plausible grounds to infer an agreement.'" *Great Western Mining & Mineral Co.,* 615 F.3d 159, 178 (3d Cir. 2010) (quoting *Twombly*, 550 U.S. at 556).

In the instant action, Plaintiff has failed to allege any facts that plausibly suggest a meeting of the minds between Jeffries and the other Defendants to keep Plaintiff and his family away from Plaintiff's children. Plaintiff only claims that Defendants, at some unidentified point, had meetings without Plaintiff's counsel present, that some Defendants "conspired" to make false statements against Plaintiff, and that during a conference call, Plaintiff overheard some Defendants making racially disparaging remarks. Plaintiff's bald allegations of conspiracy fail to set forth "plausible grounds to infer an agreement." *Mincy v.Klem*, 1:08-CV-0066, 2009 WL 331432, at \*5 (M.D. Pa. Feb. 9, 2009) (In alleging conspiracy "[a] plaintiff cannot rely on subjective suspicions and unsupported speculation."). Plaintiff's voluminous and far-reaching Amended Complaint does not contain enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *See Twombly*, 550 U.S. at 556. Accordingly, Plaintiff may not convert Defendant Jeffries' purely private action into state action by including him in an alleged conspiracy with state officials. Therefore, Plaintiff's claim of

conspiracy pursuant to 42 U.S.C. § 1983 should be dismissed with prejudice. Any attempt by Plaintiff to amend his already voluminous and exhaustive Amended Complaint would be futile.[4]

Unlike § 1983, state action is not required to support a claim pursuant to § 1985(3). *Griffin v. Breckenridge,* 403 U.S. 88 (1971) In order to state a claim under § 1985(3), the Plaintiff must allege four elements: 1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; 3) an act in furtherance of the conspiracy; and 4) injury to a person or property or deprivation of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) (citing *Griffin,* 403 U.S. at 102)). Again, Plaintiff must set forth specific factual allegations that demonstrate collusion or concerted action among the alleged conspirators. *Parkway Garage, Inc. v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970)),*abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. of Warrington, Pa.,* 326 F.3d 392, 400 (3d Cir. 2003); *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991), *later proceeding*, *Young v. Quinlan*, 960 F.2d 351 (3d Cir. 1992), *superseded by statute,* Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, *as discussed in Nyhuis v. Reno,* 204 F.3d 65 (3d Cir. 2000). Even though the Supreme Court held in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), that the allegations in a § 1983 complaint cannot be held to a standard of heightened specificity, a plaintiff must allege conspiracy with some

---

[4] The United States Court of Appeals for the Third Circuit in *Phillips v. County of Allegheny* has ruled that if a district court is dismissing a claim pursuant to Fed. R. Civ. P. 12(b)(6) in a civil rights case, it must *sua sponte* "permit a curative amendment unless such an amendment would be inequitable or futile." 515 F.3d 224, 245 (3d Cir. 2008).

particularity. *Bieros v. Nicola*, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing *Leatherman,* 507 U.S. at 168).

As discussed above, Plaintiff Father has failed to allege any facts that indicate that the Defendants entered into any agreement or plan to deprive Plaintiff of his constitutional rights, nor has Plaintiff Father averred any facts to show an act in furtherance of the agreement. "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch*., 972 F.2d 1364, 1377 (3d Cir. 1992) (quotation omitted). Accordingly, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1985(3).[5] As noted above, any attempt to amend would be futile.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Defendant Jeffries' Motion to Dismiss at ECF No. 258 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[5] Plaintiff's claims pursuant to §§ 1986 and 1988 must also be dismissed with prejudice because a § 1986 claim cannot exist without a viable § 1985 claim. *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994). Further, § 1988 does not create a private cause of action. *Moor v. County of Alameda,* 411 U.S. 693, 702-04 (1973).

Dated: June 3, 2011						BY THE COURT:

							_____
							LISA PUPO LENIHAN
							Chief United States Magistrate Judge


cc:	All Counsel of Record
	Via Electronic Mail

	Daniel Goodson, III
	1312 Woodmont Avenue
	P.O. Box 303
	New Kensington, PA  15068