**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANIEL J. GOODSON, III, *et al*, | ) | Civil Action No. 08 - 44 |
| | ) | |
| Plaintiff, | ) | Chief Judge Lancaster |
| | ) | Chief Magistrate Judge Lenihan |
| v. | ) | |
| | ) | |
| LAWRENCE O. MAGGI, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the claims against the Washington County Children and Youth Services Defendants Jeffrey Felton ("Felton"), Patricia Maxon ("Maxon"), Hayley Foster ("Foster"), Patricia Berdine ("Berdine"), and Nancy Gray ("Gray") (collectively "WCCYS Defendants") be dismissed with prejudice.

### II. REPORT

On August 3, 2011, this Court entered an Order at ECF No. 299, directing Plaintiff, Daniel J. Goodson, III, ("Plaintiff") to file a Fourth Amended Complaint by August 22, 2011 against the WCCYS Defendants Felton, Maxon, Foster, Berdine, and Gray. The Court further ordered that if Plaintiff failed to amend his claims against the WCCYS Defendants by filing a Fourth Amended Complaint by August 22, 2011, the Court would recommend that Plaintiff's claims against the WCCYS Defendants be dismissed with prejudice. Plaintiff has not filed a

Fourth Amended Complaint, or any other document. Consequently, the Court recommends that the claims against the WCCYS Defendants be dismissed with prejudice.

In recommending the dismissal of Plaintiff's claims against the WCCYS Defendants with prejudice, the Court balances the following factors in light of the record in this case:

> (1)The extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis in original).

First, Plaintiff Goodson, proceeding *pro se*, is personally responsible for the failure to file the Fourth Amended Complaint, which is the basis for the dismissal. The Court has granted Plaintiff numerous extensions of time throughout this litigation. Yet, Plaintiff requested no extension to file the Fourth Amended Complaint. In fact, the docket sheet reflects a change of address for Plaintiff at ECF No. 276 dated March 4, 2011, indicating that Plaintiff is no longer incarcerated. Since his release, Plaintiff appears to have abandoned the prosecution of this case as evidenced by his failure to comply with numerous orders of court.

Second, the remaining defendants in this case have been severely prejudiced by Plaintiff's conduct. Plaintiff has named 37 different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers of Father's children, Father's former counsel, foster parents, a guardian ad litem, a state trooper, a prison official, a sheriff, and state and federal prosecutors. The WCCYS Defendants are the only group of defendants remaining after years of motion practice in this Court as evidenced by the docket sheet consisting of 299 entries. The

WCCYS Defendants have indicated to the Court that they do not understand the claims Plaintiff is attempting to make against them. (*See* ECF No 282.) Without a fourth amended complaint, the WCCYS Defendants will be unable to defend against Plaintiff's claims.

Third, as noted above, this litigation has been protracted, and since Plaintiff's release from state custody, has been characterized by complete inaction on Plaintiff's part. He has failed to submit briefs ordered by the court, *see, e.g.*, ECF No. 278, and a summary of his evidence in opposition to a motion for summary judgment, *see* ECF No. 280.

Fourth, the Court has received absolutely no indication from the Plaintiff that his failure to comply with many of the Court's orders since his release from custody has been accidental or an unintended oversight. The Court can only assume that Plaintiff has abandoned, intentionally, the prosecution of this case. The Court has sent many of its orders by certified mail; Plaintiff has signed for these various deliveries. Yet, Plaintiff has not communicated with the Court regarding his case.

Fifth, in light of the present posture of the case, dismissal is the only appropriate sanction. Plaintiff, proceeding *pro se* and newly released from state custody*,* is likely unable to pay any monetary sanctions for his conduct. Further, in light of his seemingly intentional abandonment of this litigation since his release, dismissal serves not only the Defendants' interests, but also the Plaintiff's.

Finally, in considering whether Plaintiff's claims are meritorious, the Court considers whether "the allegations of the pleadings, if established at trial, would support recovery by [P]laintiff." *Poulis*, 747 F.2d at 869-70 (citations omitted). As noted above, Plaintiff has named 37 different defendants who are judges, courts, court employees, county commissioners and controllers, social workers employed by various county children and youth services, the mothers

of his children, his former counsel, foster parents, a guardian ad litem, a state trooper, a prison

official, a sheriff, and state and federal prosecutors. He has filed this civil action pursuant to 42

U.S.C. §§ 1983, 1985, 1986 and 1988. He asserts violations of his First, Fourth, Fifth, Sixth,

Thirteenth and Fourteenth amendment rights. The complaint contains a plethora of different

claims regarding a variety of different situations. The majority of the claims, however, stem

from custody proceedings regarding his children in the state courts of Pennsylvania and

Colorado. All of the claims against all defendants except the WCCYS Defendants have been

dismissed with prejudice subsequent to a flurry of motions to dismiss.[1] Although the Court is

unable to predict whether Plaintiff's fourth amended complaint would have clarified his claims

against the WCCYS Defendants, it is unlikely that Plaintiff's present averments as to these

remaining Defendants would withstand a motion to dismiss.

The above factors weigh heavily in favor of granting the sanction of dismissal. Plaintiff's

pattern of behavior since his release from state custody demonstrates his intentional

abandonment of the prosecution of this case.


### III. CONCLUSION

For the above reasons, it is respectfully recommended that the claims against the

Washington County Children and Youth Services Defendants Jeffrey Felton ("Felton"), Patricia

Maxon ("Maxon"), Hayley Foster ("Foster"), Patricia Berdine ("Berdine"), and Nancy Gray

("Gray") (collectively "WCCYS Defendants") be dismissed with prejudice.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties are

---

[1] Defendants Beard and Neal filed a motion for summary judgment. That motion was granted on June 23, 2011 at ECF No. 293.

allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 23, 2011

BY THE COURT:

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc:     All Counsel of Record
        Via Electronic Mail

        Daniel Goodson, III
        1312 Woodmont Avenue
        P.O. Box 303
        New Kensington, PA  15068